UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BETSY LEE GUTTIEREZ,

                              Plaintiff,

v.                                                     Case # 17-CV-6337-FPG

                                                                  DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**INTRODUCTION**

Betsy Lee Guttierez brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On October 7 and 15, 2013, Guttierez applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 199-211. She alleged disability since August 31, 2004 due to bipolar disorder, panic disorder, depression, and anxiety. Tr. 25, 251. On September 17, 2015,

---

[1] "Tr." refers to the administrative record in this matter.

1

Guttierez and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Angela L. Neel ("the ALJ"). Tr. 53-79. On October 27, 2015, the ALJ issued a decision finding that Guttierez was not disabled within the meaning of the Act. Tr. 25-37. On March 29, 2017, the Appeals Council denied Guttierez's request for review. Tr. 1-6. Thereafter, Guttierez commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Guttierez's claim for benefits under the process described above. At step one, the ALJ found that Guttierez had not engaged in substantial gainful activity since the alleged onset date. Tr. 27. At step two, the ALJ found that Guttierez has the following severe impairments: obesity and bipolar, anxiety, and attention deficit hyperactivity disorders. Tr. 27-28. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 28-29.

Next, the ALJ determined that Guttierez retains the RFC to perform medium work[2] with additional limitations. Tr. 29-35. Specifically, the ALJ found that Guttierez cannot operate a motor vehicle, can perform simple tasks that are routine and repetitive, can make simple work-related decisions, and can frequently interact with supervisors, coworkers, and the public. Tr. 29.

At step four, the ALJ relied on the VE's testimony to determine that this RFC prevents Guttierez from performing her past relevant work as a cashier. Tr. 35. At step five, the ALJ relied on the VE's testimony and found that Guttierez can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 35-36. Specifically, the VE testified that Guttierez could work as a hand packager, kitchen helper, and vehicle washer/detailer. Tr. 36. Accordingly, the ALJ concluded that Guttierez was "not disabled" under the Act. Tr. 36-37.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

4

**II.    Analysis**

Guttierez argues that remand is required because the ALJ violated the treating physician rule. ECF No. 9-1 at 14-22. Specifically, Guttierez asserts that the ALJ failed to provide the requisite "good reasons" for rejecting the opinion of psychiatrist Christopher Healey. *Id.* She argues that, because Dr. Healey's opinion was the only medical assessment of her ability to perform mental work-related functions, the resulting RFC determination is unsupported by substantial evidence.[3] *Id.*

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection [her]self." *Id.* (citation omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

Here, Dr. Healey provided the only medical opinion as to Guttierez's mental ability to work. Dr. Healey opined that psychological factors cause Guttierez to have an extreme limitation[4]

---

[3] Guttierez advances another argument that she believes requires reversal of the Commissioner's decision. ECF No. 9-1 at 11-13. The Court will not reach that argument, however, because it disposes of this matter based on its finding that the RFC is unsupported by substantial evidence.

[4] An "extreme limitation" in one's ability to perform a specific work-related function means that there is "major limitation" and the individual has "no useful ability to function" in that area. Tr. 337.

in her ability to remember locations and work-like procedures; understand and remember detailed instructions; carry out very short and simple or detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday or workweek without interruptions from psychologically-based symptoms; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. Tr. 337-39.

Dr. Healey also opined that psychological factors cause Guttierez to have a marked limitation[5] in her ability to understand and remember very short and simple instructions; sustain an ordinary routine without special supervision; perform at a consistent pace with a standard number and length of rest periods; interact appropriately with the public; ask simple questions or request assistance; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and be aware of normal hazards and take appropriate precautions. *Id.*

Dr. Healey indicated that Guttierez is likely to be absent from work four or more times per month. Tr. 338. He also noted that he based his assessment on Guttierez's longstanding history of bipolar disorder with psychotic features. Tr. 339.

The ALJ acknowledged Dr. Healey's opinion and afforded it "little weight" for various reasons. Tr. 34. Regardless of whether the ALJ properly discounted this opinion, she created a gap in the record when she rejected the only opinion as to Guttierez's mental ability to perform work-related functions on a regular and continuing basis.[6] *See Covey v. Colvin*, 204 F. Supp. 3d

---

[5] A "marked limitation" in one's ability to perform a specific work-related function means that there is "serious limitation" and the individual "cannot generally perform satisfactorily" in that area. Tr. 337.

[6] *See* S.S.R. 96-8p, 1996 WL 374184, at *5-6 (S.S.A. July 2, 1996) ("Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations;

6

497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original).

The ALJ's decision purports to weigh other record "medical opinions," but none of these assessments evaluate Guttierez's ability to work. For example, the ALJ gave "little weight" to the "opinion" of Nicole Riddell, M.D., "who assessed a low GAF score[7] of 45." Tr. 34. Dr. Riddell's report summarizes Guttierez's psychiatric, medical, and personal histories, evaluates her mental status, provides diagnoses, and sets forth a treatment plan, but does not opine as to Guttierez's ability to work. Tr. 398-99. Similarly, the ALJ gave "little weight" to the opinions of the State Agency review psychologists, but those doctors did not have all the record evidence when they made their evaluation and did not provide RFC assessments. Tr. 35, 80-92, 95-109.

The ALJ afforded "great weight" to the opinion of consultative psychologist Lori Chang, Psy.D., "who assessed a GAF score of 51."[8] Tr. 34. Dr. Chang's assessment contains her observations, summarizes Guttierez's present illness and past history, evaluates her mental status, and provides a prognosis and recommendations, but does not opine as to Guttierez's ability to work. Tr. 326-31.

---

and deal with changes in a routine work setting."); 20 C.F.R. §§ 404.1545(c), 416.945(c) (stating that the SSA will evaluate the claimant's ability to work on a "regular and continuing basis" when assessing her mental capacity).

[7] Mental health professionals use Global Assessment of Functioning ("GAF") scores to rate an individual's level of psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness. *See* Global Assessment of Functioning (GAF) Scale, *available at* https://www.albany.edu/counseling_center/docs/GAF.pdf (last visited Aug. 9, 2018). Guttierez's GAF score of 45 indicates that she has "serious symptoms" (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or "serious impairment in social, occupational, or school functioning" (*e.g.*, no friends, unable to keep a job). *Id.*

[8] Guttierez's GAF score of 51 indicates that she has "moderate symptoms" (*e.g.*, flat affect, circumstantial speech, occasional panic attacks) or "moderate difficulty in social, occupational, or school functioning" (*e.g.*, few friends, conflicts with peers or coworkers). *Id.*

Despite the fact that the ALJ rejected Dr. Healey's opinion—the only opinion on Guttierez's mental capacity to work—she somehow determined that Guttierez can perform simple tasks that are routine and repetitive, make simple work-related decisions, and frequently interact with supervisors, coworkers, and the public. Tr. 29. It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this determination without relying on a medical opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

When an ALJ does not rely on a medical opinion to formulate the RFC, she must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013). Here, the ALJ merely concluded that Guttierez is "capable of meeting the mental demands of work that is limited to simple routine tasks with simple work-related decisions, and only frequent interaction with supervisors, co-workers and the general public," and did not explain what evidence led her to conclude that Gutteriez could perform these tasks. Tr. 35.

Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this

opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

       IT IS SO ORDERED.

Dated: August 10, 2018
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court