UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETSY G.[1],

                            Plaintiff,                Case 17-CV-6337-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

Betsy G. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits.  ECF No. 1.  On August 8, 2018, the Court issued a Decision and Order granting Plaintiff's motion for judgment on the pleadings and remanding the case to the Commissioner.  ECF No. 14.  Thereafter, the Court entered a stipulation awarding Plaintiff's attorney $5,283.59 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 19.

On June 16, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $14,858.50—25% of her past due benefits—to pay her attorney.  ECF No. 20-1 at 2.  On November 24, 2020, Plaintiff moved for $8,858.50 in attorney's fees under 42 U.S.C. § 406(b).[2]  ECF No. 20-1 at 3.

For the reasons that follow, Plaintiff's motion is GRANTED, Plaintiff's attorney, Howard D. Olinsky, Esq., is awarded $8,858.50 in fees, and Mr. Olinsky shall remit the EAJA fees to Plaintiff.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] The Commissioner objects to the timeliness of counsel's request for attorney's fees.  ECF No. 22.

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to

2

equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86.  Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id*. at 88.  "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id*. Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id*. at 89.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely.  The Notice of Award was mailed to Plaintiff on June 16, 2020.  However, it appears that Mr. Olinsky, who represented Plaintiff before this Court, did not receive the notice at that time.  It appears from an email Mr. Olinsky provided the Court, that the Notice of Award was instead emailed to another attorney, presumably the law firm that represented Plaintiff at the agency level.[3] ECF No. 20-3 at 2.  Mr. Olinsky received email notice of the award on November 17, 2020.  ECF No. 20-3 at 2. Seven days later, on November 24, 2020, Mr. Olinsky filed his motion for attorney fees.  ECF No. 20.  Mr. Olinsky's motion was timely because it was filed within fourteen days of Mr. Olinsky receiving notice of the award.

 The Court has reviewed each factor to ensure that the requested fee is reasonable.  As an initial matter, the SSA awarded Plaintiff $59,434.00 in past due benefits, and, therefore, counsel's request for $8,858.50 in attorney's fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because Plaintiff obtained remand with non-

---

[3] Mr. Olinsky's Affirmation mentions that, if the attorney's fee requests are approved, the hearing level representative will receive $6,000.00 and Mr. Olinsky will receive $8,858.50.  ECF No. 20-1 at 2.

boilerplate arguments, ECF No. 9, which ultimately led to a favorable decision awarding her benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Plaintiff's counsel and paralegal spent 30.2 hours in connection with the appeal to this Court.  ECF No. 20-1 at 2.  Dividing the $8,858.50 fee requested by 30.2 hours yields a blended hourly rate of $293.33. This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf.  *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64).

Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which he states he intends to do.  ECF No. 20-1 at 3.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 20) is GRANTED and Plaintiff's counsel is awarded $8,858.50 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the EAJA fees to Plaintiff.

IT IS SO ORDERED.

Dated: September 15, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York